IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BARRY MCMILLIAN**                                                                          **PLAINTIFF**

**vs.**                                             **CIVIL ACTION NO.: 1:24-CV-198-SA-DAS**

**CITY OF ABERDEEN, MISSISSIPPI**
**AND JOHN DOES 1-20**                                                      **DEFENDANTS**

## REPLY IN SUPPORT OF OPPOSED MOTION TO STAY DISCOVERY

Defendant the City of Aberdeen respectfully submits this Reply in Support of Opposed Motion to Stay Discovery pending the Court's ruling on Defendant's Motion to Dismiss.

### REASONS TO GRANT MOTION TO STAY

McMillian responds that Defendant's motion to stay should be denied, claiming that Defendant is using the "pending dispositive motion" as "a strategic way to delay this case." Resp. [23] at 1. But McMillian did not address the cases cited by Defendant in its opening brief, such as *Pryor v. City of Pontotoc*, No. 3:23-CV-309, 2024 WL 495934 (N.D. Miss. Feb. 8, 2024) and *Moore et al. v. True Temper Sports, Inc.*, No. 1:10-CV-178, 2011 WL 5507401 (N.D. Miss. Nov. 10, 2011), nor has he provided any proof to support his argument that Defendant moved to dismiss this case to delay it. *See* FED. R. CIV. P. 12 (permitting a defendant to answer or assert a defense under 12(b)(1)–(7) by motion). Even if he had, McMillian has not demonstrated how a slight delay would prejudice him, other than asserting his confidence in wining the case on its merits. Resp. [23] at 1.

In *Garth v. City of Aberdeen*, No. 1:24-CV-070, 2024 WL 2027419, at *1 (N.D. Miss. May 7, 2024), a plaintiff brought a § 1983 lawsuit seeking relief under the First, Sixth, and Fourteenth Amendments. Monroe County, the sole defendant who'd appeared in the case, moved to dismiss the complaint under Rule 12(b)(6). Following that motion, this Court sua

sponte stayed the case, noting that "Monroe County's arguments in favor of dismissal have merit" and emphasizing the importance of "judicial economy and [avoiding] the potentially unnecessary expenditure of time and resources by the litigants and counsel." *Id.*

Similarly, here, Defendant moved to dismiss this case for failure to state a claim, seeking dismissal in its entirety. Granting a stay in this case would prevent unnecessary time and financial waste for the litigants and preserve judicial resources.

For these reasons, Defendant the City of Aberdeen's Motion to Stay Discovery should be granted.

This, the 23rd day of December, 2024.

        Respectfully submitted,

        **PHELPS DUNBAR, LLP**

        BY: */s/ Loden P. Walker*
            G. Todd Butler, MB #102907
            Loden P. Walker, MSB #105996
            1905 Community Bank Way, Suite 200
            Flowood, Mississippi 39232
            Post Office Box 320159
            Flowood, Mississippi 39232
            Telephone: 601-352-2300
            Telecopier: 601-360-9777
            todd.butler@phelps.com
            loden.walker@phelps.com

        **ATTORNEYS FOR DEFENDANT**
        **CITY OF ABERDEEN**

## **CERTIFICATE OF SERVICE**

I, Loden P. Walker, do hereby certify that I have this date electronically filed the above and foregoing *REPLY* with the Clerk of the Court which gave notice to the following:

DeMoreo Reddick
Reddick Law Firm, PLLC
P.O. Box 465
Okolona, MS 38860
662-436-4641 (t)
reddicklawfirm@yahoo.com

***Attorney for Plaintiff Barry McMillian***

So certified, this the 23rd day of December, 2024.

                                                    */s/ Loden P. Walker*_____
                                                    Loden P. Walker