UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BARRY MCMILLIAN                                               PLAINTIFF

v.                                                           Civil Action No. 1:24CV198-GHD-DAS

CITY OF ABERDEEN, MISSISSIPPI; et al.                               DEFENDANTS

## OPINION

Presently before the Court is the Defendant City of Aberdeen's motion to dismiss [8] the Plaintiff's claims in this employment discrimination matter. Upon due consideration and for the reasons set forth below, the Court finds the motion should be granted and the Plaintiff's claims dismissed.

### I. Background

The Plaintiff alleges the Defendant City's Board of Alderman voted, on September 21, 2021, to hire the Plaintiff as a groundman/meter reader in the City's electrical department with a starting pay of $14.50 per hour and a start date of September 28, 2021 [Amd. Compl., Doc. 6, at 2]. The Plaintiff alleges that on September 27, 2021, the day before he was to begin his employment in the electrical department, the manager of that department informed the Plaintiff he could not begin employment as scheduled due to budgetary constraints, but he would be guaranteed the next available position in the electrical department [6, at 2].[1] The Plaintiff, an African American male, claims the Defendant City discriminated against him on the basis of his race because the City "never

---

[1] The Plaintiff did in fact secure employment with the Defendant City in September 2021 – his employment was transferred from the City's electrical department to the City's water department, where he began work on September 21, 2021, as a full-time laborer at a pay rate of $12.00 per hour [6, at 3].

contacted" him regarding a new start date with the electrical department and because the City "hired three white males to work in the Electrical Department." [6, at 2].

On March 7, 2022, the Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging race discrimination in connection with these events [Doc. 6-1]. The EEOC subsequently issued the Plaintiff a Right to Sue letter [Doc. 6-2], and the Plaintiff timely filed his initial complaint in this matter [Doc. 1]. In his complaint, the Plaintiff alleges race discrimination under Title VII and 42 U.S.C. § 1981, as well as a state law claim for breach of contract. The Defendant City has now moved to dismiss the Plaintiff's claims. The Plaintiff has responded in opposition and the motion is ripe for the court's ruling.

## II. Standard of Review

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support

2

the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

### III. Analysis

The Plaintiff asserts the Defendant City violated Title VII by discriminating against him because of his race.[2] Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1).

*Race Discrimination*

The Court finds the Plaintiff has not adequately pled sufficient facts to state a claim to relief that is plausible on its face as to his claim for race discrimination. To plausibly

---

[2] Race discrimination claims brought under 42 U.S.C. § 1981 require the same proof as those brought under Title VII. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citing *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002)). In addition, "Section 1983 and Title VII are parallel causes of action" and share the same substantive analysis. *Johnson v. Halstead*, 916 F.3d 410, 417 (5th Cir. 2019); *Espina v. City of San Antonio*, No. 5:21-CV-1176, 2024 WL 1335657, at *9-10 (W.D. Tex. Mar. 28, 2024). Accordingly, while the Plaintiff has purported to assert his race discrimination claim under Title VII, Section 1981, and Section 1983, the analysis is identical under all three causes of action.

3

state a Title VII disparate treatment claim sufficiently to withstand a Rule 12(b)(6) motion to dismiss, the Plaintiff must assert (1) an adverse employment action; (2) taken against a plaintiff because of his protected status. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019).[3] The Plaintiff has simply not adequately pled such a claim.

The extent of the Plaintiff's factual allegations are: (1) the City informed the Plaintiff that he could not start work in the electrical department due to budget constraints; (2) the City never contacted him regarding a new start date in the electrical department; and (3) the City hired three white males to work in the electrical department. The Fifth Circuit has made clear that more is required to state a claim for race discrimination.

Recently, the Fifth Circuit affirmed a district court's Rule 12(b)(6) dismissal of a race discrimination claim because the plaintiff failed to "identify at least one 'similarly situated' coworker outside his protected class who was treated more favorably than the plaintiff 'under nearly identical circumstances.'" *Hopkins v. Wayside Schools*, No. 23-50600, 2024 WL 3738478, at *12 (5th Cir. Aug. 9, 2024). The court further held the plaintiff, in order to state a claim, must plead, *inter alia*, that the subject similarly situated coworker "held the same job or responsibilities . . ." *Id.*; see also *Chimm v. Univ. of Tex. at Austin*, 836 F.3d 467, 471 (5th Cir. 2016) (affirming Rule 12(b)(6) dismissal of discrimination claim due to absence of pled facts averring that employer "hired a less qualified, similarly situated applicant" rather than plaintiff).

The Plaintiff's complaint suffers from the same deficiencies as those outlined above in *Chimm* and *Hopkins*. The Plaintiff makes no effort to plead the "nearly identical

---

[3] The Fifth Circuit has made clear a court errs at the Rule 12(b)(6) stage if it subjects a plaintiff's allegations to a rigorous factual or evidentiary analysis under the *McDonnell Douglas* framework. *Cicalese*, 924 F.3d at 767,

circumstances" that are required to adequately allege the existence of coworker(s) who were similarly situated, nor does the Plaintiff plead any facts that would demonstrate that any similarly situated coworker was treated more favorably than the Plaintiff. The Plaintiff's claim fails on this basis alone.

In addition, the Plaintiff has failed to adequately plead that the City's Board of Aldermen, which approved the Plaintiff's transfer from the electrical department to the water department as well as any subsequent hires in the electrical department, possessed any racial animus toward him. *Harville v. City of Houston*, 935 F.3d 404, 413 (5th Cir. 2019) (holding that plaintiff alleging discrimination against a municipal board must plead that majority of Board had requisite unlawful animus); *Ellis v. Cargill Meat Solutions*, No. 24-10339, 2024 WL 4692024, at *2 (5th Cir. Nov. 6, 2024) (affirming dismissal of race discrimination claim where plaintiff's allegations were "conclusory at best" because plaintiff failed to plead existence of racial animus even though plaintiff averred "repetitive use of racial slurs"); *Pitts v. Waffle House, Inc.*, No. 23-60436, 2024 WL 1904556, at *2 (5th Cir. May 1, 2024) (affirming dismissal where plaintiff's complaint did not describe how actions by defendant were based on race or other protected characteristic). The Plaintiff fails utterly to allege any such racial animus on the part of any single Board member, much less the majority of the Board's members.

In the end, the Plaintiff is required to plead factual allegations that will support a conclusion that racial discrimination led to the subject adverse employment action. *Iqbal*, 556 U.S. at 678 (pleadings evidencing "more than a mere possibility of misconduct" are required to withstand Rule 12(b)(6) dismissal motion). Here, the Plaintiff's allegations fall far short of this requirement because he simply does not adequately allege he was moved

5

from the electrical department to the water department because of his race. Accordingly, the Court finds the Plaintiff has failed to state a plausible claim for relief as to his claim for racial discrimination, and that claim must be dismissed.

*Breach of Contract*

The Plaintiff asserts that his transfer from the electrical department to the water department constitutes a breach of contract. [Doc. 6, at 3]. As is the case with his race discrimination claim, this claim fails.

In asserting this claim, the Plaintiff seemingly solely references the minutes from the subject Defendant City's Board of Aldermen meeting at which he was hired, which are not attached to his Complaint. The Plaintiff, in any event, does not identify any express contract for employment between him and the City in which the City contractually agreed to employ the Plaintiff in the electrical department for a specified period of time or on an other than at-will basis. It is axiomatic that, under Mississippi law, implied contracts of this sort are not enforceable. See, e.g., *KPMG, LLP v. Singing River Health Sys.*, 283 So. 3d 662, 673 (Miss. 2018) (holding "where a public board engages in business . . . no contract can be implied or presumed, it must be stated in express terms"). In any event, even if the Plaintiff is asserting that an implied contract existed between him and the City, the Mississippi Tort Claims Act (MTCA) would apply to such a claim, and the Plaintiff has made no effort to comply with the MTCA's requirements. *White v. Jernigan Copeland Attorneys, PLLC*, 346 So. 3d 887, 903 (Miss. 2022) (holding implied contract claims against state governmental entities fall under the MTCA and plaintiffs must comply with its requirements). In sum, because the Plaintiff has not identified any contract between

him and the City, the Plaintiff has no claim for breach of contract, and this claim must be dismissed.

### IV. Conclusion

For all of the foregoing reasons, the Court finds the Defendant's motion to dismiss should be granted and the Plaintiff's claims dismissed.

An order in accordance with this opinion shall issue this day.

This, the 9th day of May, 2025.

SENIOR U.S. DISTRICT JUDGE